LeBLANC, Judge.
This is an appeal from a judgment of possession in an ancillary succession proceeding.
Adolph Mathias Ringen, Sr. died in Hau-gesund, Norway, on April 15, 1984. He was survived by his spouse, Mrs. Eli Rin-gen, and his son, Adolph Mathias Ringen, Jr.
Mr. Ringen, Sr. executed a Last Will and Testament in Haugesund, Norway, on September 21, 1977. Pursuant to this will, he gives all his property to his wife, Eli Rin-gen.
The will was admitted to probate in Norway on June 17, 1986. Since the decedent died leaving assets situated in Covington, Louisiana, Mrs. Ringen filed a Petition For Ancillary Probate of Testament Probated In Another Country in the Twenty-Second Judicial District Court for the Parish of St. Tammany. In this petition, Mrs. Ringen stated that she is domiciled in Haugesund, Norway, and that Mr. Ringen, Sr. was domiciled in Haugesund at the time of his death. She also stated that before Mr. Ringen, Sr., died, he entered into an agreement with Mr. Charles Frederick, Jr., whereby Mr. Ringen, Sr., agreed to accept the sum of $35,000.00 as payment in full of the $42,556.05 balance on a collection note, which was payable to him.
The trial court rendered a judgment of possession which decreed that Eli Ringen is the widow of the deceased, Adolph Mathias Ringen, Sr.; Adolph Mathias Ringen, Jr., is the child and heir of the deceased; the First National Bank in Covington, Louisiana, is authorized to accept the sum of $35,000.00 U.S. to settle in full an outstanding balance of $42,556.05 on the original collection note in the amount of $55,000.00 *589 held by the bank for Mr. Adolph Ringen, Sr.’s, interest therein; the First National Bank in Covington, Louisiana, is required to deliver to the Haugesund Probate Court, Norway, any money credits or property belonging to the deceased; and, the ancillary executrix is discharged from her duties in connection with the succession proceeding.
Adolph Mathias Ringen, Jr., appeals this judgment of possession. He raises three assignments of error on appeal.
Appellant’s first assignment of error is that the district court erred in probating the will where the will was not executed in conformity with the laws of Louisiana and there was no evidence that the will was executed according to the laws of Norway. We find that the testament executed by decedent in Norway does not meet the testamentary form requirements of the laws of this state. The testament is not handwritten and thus is not a valid olo-graphic will. La.Civ.Code art. 1588. The testament does not have the proper signatures that are required for the nuncupative testament by public act, the nuncupative testament by private act, the mystic testament or the statutory will. La.Civ.Code arts. 1578, 1581, 1584, and La.R.S. 9:2442.
However, La.Code of Civ.P. art. 2888 provides, “A written testament subscribed by the testator and made in a foreign country ..., in a form not valid in this state, but valid under the law of the place where made, or under the law of the testator’s domicile, may be probated in this state by producing the evidence required under the law of the place where made, or under the law of the testator’s domicile, respectively.”
The content of the testament establishes that it was executed in Norway. However, appellee did not establish in the record that the testament in question is valid under the laws of Norway. Furthermore, there is no evidence that clearly establishes where the decedent was domiciled at the time of his death.
Since appellee did not establish that the testament is valid under the laws of this state or the laws of Norway, the district court erred in rendering the judgment of possession.
Appellant’s second assignment of error is that Mrs. Ringen was improperly confirmed as testamentary executrix because she is disqualified according to La. Code of Civ.P. art 3097. Article 3097 provides in pertinent part:
A. No person may be confirmed as testamentary executor, ... who is:
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding
[[Image here]]
Since Mrs. Ringen’s petition states that she is domiciled in Norway, there is no proof in the record that she is a Louisiana resident, and no proof in the record that she has appointed a resident agent for service of process for proceedings with respect to the succession, we must find that the district court erred in confirming Mrs. Ringen as testamentary executrix in this matter.
Appellant’s third assignment of error is that the district court erred in approving the modification of the terms of the promissory note when the application for a court order was not advertised as required by law.
La.Code of Civ.P. art. 3198 provides in pertinent part:
A succession representative may (1) Effect a compromise of an action or right of action by or against the succession;
[[Image here]]
Any action taken under this article must be approved by the court after notice as provided by Article 3229.
La.Code of Civ.P. art 3229 provides in pertinent part:
A. When an application is made for an order under Articles 3198, ... notice of such application shall be published once in the parish where the succession proceeding is pending in the manner provided by law....
*590 The record in this case does not establish that any notice of the application was published. Since the notice required by law was not given, the district court erred in authorizing the First National Bank to engage in a settlement agreement regarding the balance due on the note.
For the reasons stated above, the judgment of the district court is reversed. Costs of this appeal are to be paid by appellee.
REVERSED.